CBOPTON, J.,
delivered the opinion of the court:
This was a writ of right between the appellants, as demandants, and the appellee, as tenant, in the Circuit Superior Court of Daw and Chancery for the county of Pitt-sylvania. They were owners of coterminous tracts of land, and the question in controversy between them is, which is the true dividing line between the tracts? Both tracts were formerly' parts of one entire tract, the property of Isaac Coles, who, by his will, devised it to his sons, John Coles and James Thompson Coles. The appellants are the heirs at law of John Coles, and the appellee claims under James Thompson Coles. On the 19th of November, 1825, John Coles, by deed, conveyed to James Thompson Coles “all the land which lies on the northeast of the following line, run, made and established by the said John and Thompson Coles, viz: Beginning at a willow-oak, in William Bewis’s line; thence, south fifty-five degrees, east five hundred and fifty-seven poles, to a white-oak in Richard Whitehead’s line;” and, on the same day, James Thompson Coles, by deed, conveyed to John Coles all the land which lies on the south-west side of the same line, and describing the line in the same words. A line of marked trees was run from one terminus to the other. It does not appear from the record at what time precisely this line was marked, or that the parties had the assistance of a surveyor in marking the line, or by whom the line was *actually marked.
In 1843, Jacob T. Coles, who claimed under James Thompson Coles, and was in, possession of the land assigned to him, and who had contracted to sell it to the ap-pellee, Wooding, had the land surveyed and, then, for the first time, it was discovered that the line of marked trees, mentioned in the two deeds of partition, as run, made and established by the parties, was. not a straight line, but a curved, line, diverging from a straight line, towards the south-west, or that side on which the land conveyed to John Coles lies. The area between the straight and marked lines contains about ten acres, which is the subject in contest between the parties. The prec-ipe, issued on the 17th of November, 1845, within two days of twenty years from the date of the deeds of partition. The surveyor, who made the survey in 1843, (and who seems to have been the only witness, examined,) proves that, at that time, the marked line seemed to have been marked twenty years or more, and that it had been processioned at least once; and that three-fourths of the land in dispute was then in cultivation by Jacob T. Coles, who was about to convey to the appellee. On the trial, there was a verdict and judgment for the tenant. After a motion for a new trial, which was overruled, a bill of exceptions was taken to the opinion of the court, and to the judgment a supersedeas was awarded.
In questions of boundary, natural land marks, marked lines, and reputed boundaries, especially if known to, and acquiesced in, by the parties interested, should be preferred when in opposition to mere magnetic lines, which may be described by mistake in deeds and surveys, (see Dogan v. Seckright, 4 Hen. & Munf. 125, and the cases, there cited,) unless it shall appear clearly that the marked line was made by mistake —a mistake unknown to, and therefore not acquiesced in, by the parties in interest; as in the case of Smith v. Davis, 4 Grat. 50, where the division was made by commissioners, who intended the dividing line- *718 should be a straight line, and directed rhe surveyor so to run it; but the land *being covered with a thick wood, the surveyor, without intending it, ran and marked a curved line.
In this case, the marked line seems to have been marked by the parties themselves ; for, in their deeds of partition to each other, they describe the line as run, made and established by themselves; and it is not called a straight line. As thus marked, it was therefore known to -them, and acquiesced in by them; for John Coles was in life when the precipe issued, and must have known that Jacob T. Coles had the greater portion of the land in cultivation. If the date of the deeds of partition should be taken as the time when the parties became first seised in severalty, two days more would have barred the writ of right; but-, between parceners, deeds of partition, though the better practice, are not absolutely necessary; they may mark and establish the dividing line between them, and prove it by other competent evidence; and they will, from the time of marking and establishing the line, be seised in severalty. When John Coles and James Thompson Coles executed their deeds of partition, they say the line was then run, made and established; how long before does not precisely appear, but it was at least before the execution of the deeds; and it seems to the court, that after this long acquiescence by one party, and quiet possession by the other, that possession ought not now to be disturbed.
The court is therefore of opinion, . that there is no error in the said judgment, and that it be affirmed with costs.
Judgment affirmed.